[S. F. No. 792.   Department Two.—January 13, 1899.]

FRANK CLARK, Respondent, v. SANFORD BENNETT, Receiver, etc., Appellant.

123  275
132  664
123  275
f134  281
134  488
123  275
137  328
123  275
138  168

NEGLIGENCE— COLLISION OF WAGON WITH STREET-CAR— CONTRIBUTORY NEGLIGENCE OF TRAVELER—QUESTION FOR JURY.—In an action for injuries caused by the alleged negligence of a street railway company in causing a collision with plaintiff's wagon while crossing the track, if the facts do not plainly and inevitably point to the contributory negligence of the plaintiff, and do not show that the jury were bound to find that his acts after attempting the crossing constituted contributory negligence, the question as to his contributory negligence is for the jury; and it cannot be said, as matter of law, that he was guilty of contributory negligence merely because he attempted to cross the street railway track with his wagon when the car was approaching.

ID.—CARE REQUIRED OF TRAVELER CROSSING STREET RAILWAY.—A traveler crossing a street railway track when a car is approaching cannot be held to exercise the very highest prudence and judgment, and is not required to exercise the same degree of care that is required in crossing a track upon which a heavy steam railway train is traveling at a high rate of speed. It is sufficient if, in crossing the street railway, he exercises that degree of care and prudence and good sense, which, in such a situation are exercised by men who possess those qualities in an ordinary or average degree.

ID.—NEGLIGENCE OF STREET RAILWAY COMPANY — IMPROPER RATE OF TRAVEL—POWER TO PREVENT COLLISION—CONFLICTING EVIDENCE.— Evidence tending to show that the street railway car at the time of the collision was traveling faster than the prescribed limit, and that those in charge of the car, after they discov-

ered the position of plaintiff's wagon in crossing the track, could, with ordinary diligence, have prevented the collision by stopping the car before it reached the crossing is sufficient to warrant the jury in finding that the employees of the car were guilty of negligence, notwithstanding conflicting evidence to the contrary.

ID.—RELATIVE RIGHTS TO USE OF STREET AND TRACK—INSTRUCTION.—An instruction that "a street railroad has only an equal right with the traveling public to the use of the street whereon its track is built," though it would better be modified by recognizing the superior right of the street railway company to use its track as against obstructions needlessly remaining on the track, and by asserting the equal right of the traveling public to use the track or to cross it, when not materially interfering with the progress of the cars thereupon, is not so harmfully erroneous as to require the setting aside of a verdict finding the street railway company guilty of negligence in colliding with a wagon crossing the track.

TRIAL—INSTRUCTIONS SUBSTANTIALLY GIVEN.—It is not error to refuse a requested instruction which is substantially embodied in the charge of the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, for Appellant.

Sullivan & Sullivan, for Respondent.

McFARLAND, J.—While plaintiff was driving a wagon across the railroad track of the defendant he was struck by a car and severely injured, and he brings this action to recover damages for personal injuries occasioned by the collision. The verdict and judgment were for plaintiff, and from the judgment and from an order denying a new trial the defendant appeals. The place where the injury occurred is within the city and county of San Francisco, and the road in question is a street railroad operated by electricity.

Appellant's main contentions for a reversal are: 1. That respondent was guilty of contributory negligence which should have prevented his recovery; 2. That there was not sufficient evidence to show that there was negligence at the time of the

accident on the part of the employees who were running the car which caused the injury; and 3. That the court committed errors prejudicial to appellant in giving and refusing instructions to the jury.

1. We cannot say that as a matter of law the respondent was guilty of contributory negligence—that is, that "all the facts plainly and inevitably point to such negligence, leaving no room for argument or doubt. (*Bailey v. Market Street etc. Ry. Co.*, 110 Cal. 328.) The railroad track was on a public street called the San Jose road, and ran easterly and westerly. At the place of the accident there are some vegetable gardens on the south line of the road. The gardens are fenced, and there is a gate in the fence through which people travel in going from the public street into the garden and in coming from the garden out into the street. The railroad track lies on the southerly side of the street, and is about fifteen feet from the fence and gate. From the gate to the southerly rail of the track there is an up-grade of four or five feet, and a road is made from the gate to the railroad track by a fill which is somewhat narrow. The portion of the street which is on the southerly side of the track is uneven and cannot be traveled over with vehicles; and in order to get from the vegetable gardens to the traveled part of the street the railroad track has to be crossed upon the filled-in narrow road above mentioned. This way from the railroad track into the gardens is not a public road, but it was frequently traveled by the owners of the gardens and others having business with them. The respondent was in the habit of traveling this way nearly every day. At the time of the accident the respondent drove his wagon up over this filled way onto the railroad track, and while on the track was struck by the car; and it is contended by appellant that he was guilty of contributory negligence because he drove upon the track without due caution. We cannot say, however, that this was so as a matter of law. He testified that when coming out of the gardens he got off his wagon and opened the gate and then looked up the track and could neither hear nor see an approaching car; that in coming toward the track with his wagon he did not see an approaching car until he was nearly or about on the track; that the car was then about fifty yards away, and that he

believed he could cross the track before the car reached him; that he could have done so if those in charge of the car, after he had hollered to them and after they had seen him, had lessened the speed of the car as they could and should have done. It is true that before the respondent drove out of the gate, owing to obstruction of view by buildings, trees, et cetera, he could not see up the track, and those on the car could not see him until he came upon the road; still, he did look up the road when he first came onto it after opening the gate; and we cannot say that the jury were bound to find that his subsequent acts constituted contributory negligence  The case is certainly somewhat different from one involving the approach of a heavy train and locomotive of a steam railway passing through the country at a high rate of speed, and at long intervals, as in *Herbert v. Southern Pac. Co.*, 121 Cal. 227.  (See *Driscoll v. Market Street Cable Co.*, 97 Cal. 566; 33 Am. St. Rep. 203.)  It cannot be said that a person is guilty of contributory negligence merely because he attempts to cross a street railway when a car is approaching.  If that were so, he could never attempt to cross such a track in the crowded parts of a city where there is practically always an approaching car; and in such case, as street cars go at a comparatively slow rate of speed and are quickly stopped, the question of negligence would depend upon the proximity or remoteness of the car, and upon all the other circumstances surrounding the occurrence.  In such a situation the traveler cannot be held to exercise the very highest prudence and judgment; it is sufficient if he exercises that degree of care and prudence and good sense which men who possess those qualities in an ordinary or average degree exercise.

2. Neither can we hold that there was not sufficient evidence to justify the jury in finding that the employees on the car were guilty of negligence. There was certainly some evidence to the point that the car was traveling faster than the prescribed limit—eight miles an hour.  And there was evidence tending to show that those in charge of the car, after they discovered the position of the respondent, could, with ordinary diligence, have stopped the car before it reached the crossing.  The evidence as to the distance of the car from the crossing at the time the respondent was discovered by the employees on the car was some-

what conflicting; but the respondent testified that the distance was fifty yards, and we cannot say that the whole evidence on that point did not warrant the jury in finding that with reasonable diligence the car might have been prevented from striking the respondent.

3. We see no good reason for reversing the judgment on account of any alleged prejudicial errors of the court in the matter of instructing the jury. Appellant's principal contentions on this subject are that the court erred in giving instruction number IX asked by respondent, and in refusing to give proposed instruction number II asked by appellant; and that for these errors the judgment should be reversed. The attack on number IX is directed against its second clause, which is as follows: "A street railroad has only an equal right with the traveling public to the use of the street whereon its track is built." The court might properly have added to this the exceptions referred to in *Shea v. Potrero etc. R. R. Co.*, 44 Cal. 414, and in *Bailey v. Market Street Ry. Co.*, 110 Cal. 320. In the Shea case the court say: "The company, however, as we understand the law, has only an equal right with the traveling public to the use of the street, with some few exceptions not material to the question, which arise entirely from the fact that the cars are designed to run only on the railroad track, such as that when an ordinary vehicle meets a car on its track it must give way to the car." The Bailey case is not seriously in conflict with the Shea case. In the Bailey case the court below had granted a nonsuit, and this court held that the nonsuit was properly granted because the plaintiff was guilty of contributory negligence; and the commissioner who wrote the opinion, in discussing generally the whole question of negligence as applicable to a case where there has been a collision between a street railroad car and an ordinary traveler on foot or in a vehicle, used general language as follows: "The street-car has, and from the necessities of the case must have, a right of way upon that portion of the street upon which alone it can travel, and which it cannot leave, paramount to that of persons in ordinary vehicles"; but he immediately adds, "that this superior right is not exclusive, and does not prevent others from driving or passing across or along its tracks at any place or time when by so

doing it will not materially interfere with the progress of its· cars. In other words, the better right is not an exclusive right, and can only be enforced against those who needlessly impose obstacles to its force and unrestricted exercise." (Citing the Shea case among others.) And further on he says that this principle is founded upon two reasons: "1. That the car cannot turn out or leave the track, while the vehicle or passenger can; 2. These companies are chartered, nominally at least, for the convenience of the public." There was no question in that case about instructions to the jury; and the main significance of what was there said was that the railroad cars had a superior right of way over that portion of the street on which the track was laid as against travelers on foot or in vehicles, and that, as the latter could easily go elsewhere on the street, they had no right to obstruct the passage of the car by needlessly remaining on the track. But, as a traveler has the right to cross the track if he does so with proper care, we do not see how the proposition stated in the opinion in the Bailey case is material in determining the *quantum* of care or negligence exhibited either by the traveler or the manager of the car in a case of collision. Therefore, even admitting that the instruction complained of should not have been quite so broad, yet we do not see that its defect ·in this respect was material in this particular case, or important enough to warrant a reversal of the judgment.

The proposed instruction number II asked by appellant and refused by the court is as follows: "A person about to cross a ·street railroad track is obliged to use due care to keep out of the way of moving cars. On approaching a track he is bound to look for approaching cars, and, if his sight be obstructed by any objects, to listen or take other satisfactory means to as-·sure himself that no car is approaching that will injure him. The failure to take such precautions is negligence." The alleged propriety of this instruction is based principally upon language used in the opinion in the case of *Everett v. Los Angeles etc. Ry. Co.*, 115 Cal. 106. That case also came here upon an exception to a denial of the court below of a motion for a nonsuit, and no question was presented touching the giving or refusal of instructions. Conceding that in the case at bar·the instruction refused might have been properly given,

yet we do not think that its refusal warrants the reversal of the judgment, because in other instructions given by the court the principle contained in the refused instruction was sufficiently stated.    The court, among other instructions asked by appellant, gave the following:    "If the plaintiff approached and attempted to cross the track of the railway operated by the defendant, without exercising due care in ascertaining if any car was approaching which might injure him, your verdict should be for the defendant, unless you find from the evidence," et cetera; the rest of the instruction is upon another subject; also, "if, when plaintiff first saw the approaching car, it became apparent to him, or should have been apparent to him (after it became apparent), that a collision between the car operated by defendant and plaintiff's wagon (if it did so become apparent) was inevitable, if he attempted to cross the track, then the plaintiff was bound to exercise prudence to prevent injury to himself, if possible, and if he was negligent in this respect, and such negligence contributed directly to the injury, your verdict should be for the defendant."    There were other instructions touching this point also given at the request of appellant.    In its charge to the jury, of its own motion, the court, among other things, said:    "It is the duty of the railroad company to endeavor to avoid injuring a party traversing the street; it is the duty of the party traversing the street to look out for himself and to exercise ordinary care for his own protection.    To authorize a recovery by plaintiff, it must appear that he exercised ordinary care to avoid the injury complained of—that is, that he acted with ordinary prudence under the circumstances." Considering these instructions, and that all the instructions given, as a whole, stated the law correctly and fairly to both sides, we do not think that the refusal to use the precise language contained in the offered instruction refused could have prejudiced the rights of the appellant.

Appellant contends that the verdict was against law because it was contrary to some of the instructions given, and particularly that it was inconsistent with the instruction number VII given at the request of appellant; but this contention cannot be maintained.    The instruction number VII, as well as the other instructions alluded to, left open questions of fact which could be decided either way without a violation of the instructions.

There are no other points necessary to be specially noticed.  It may be said of the case that the evidence left it very doubtful whether the plaintiff was not guilty of contributory negligence, and whether the employees of the appellant were guilty of negligence; but it is also true that the evidence was such as to leave those questions within the province of the jury.

The judgment and order appealed from are affirmed.

HENSHAW, J., concurring.—I concur in the judgment and generally in the opinion, but as to proposed instruction No. II I think it was properly refused as being an incorrect exposition of the law.  The proposed instruction makes identical the duty of one who is about to cross the right of way of a steam railroad with that of one who is about to cross the track of a street-car line.  From the nature of the business of steam railroads, from the character of the conveyances and of the motor power, from the necessity for swift transportation, from the fact that they carry the mails of the country, from the additional facts that the trains are of immense weight, that rapidity in locomotion is a high desideratum, that they cannot be easily and readily stopped, that they move upon their own right of way, that the number of them passing a given point is comparatively few—the rule of conduct made necessary to one who is about to cross their right of way, even upon the line of a public highway, has become crystalized into a single phrase.  It is a well-recognized rule which requires the traveler, if necessary, for his own protection, "to stop and look and listen," and imputes negligence to him if he does not; but this rule of *Flemming v. Western Pac. R. R.*, 49 Cal. 257, of *Glasscock v. Central Pac. R. R. Co.*, 73 Cal. 138, and of many other like cases, was by the proposed instruction sought to be extended and made applicable to one who is about to cross the track of a street railroad operating upon a public highway.  The distinction between the two kinds of public vehicles is too broad, the differences between their characters too substantial to justify their obliteration, and to impose upon the citizen occupying a highway, where his right is the same as that of the street-car company, a duty identical with that which is his when he attempts to cross the right of way of a steam railroad company.  The

proposed instruction was a clear attempt to place street railroad companies and steam railroad companies in this regard upon exactly the same footing, and for this additional reason it was properly refused.

Temple, J., concurred.