[S. F. No. 2013.   Department Two.—September 17, 1902.]

## ANN KERNAN, Respondent, v. MARKET-STREET RAILWAY COMPANY, Appellant.

NEGLIGENCE—COLLISION OF ELECTRIC CAR WITH STREET PASSENGER—CONFLICTING EVIDENCE—APPEAL.—Where the evidence is conflicting, and there was considerable evidence that at the time of the collision of an electric car upon defendant's street railway with the plaintiff, to her injury, while crossing the street, the electric car was going at a high, unlawful, and dangerous rate of speed, and that no bell had been rung nor other alarm given at the crossing of the street half of a short block from the point where the plaintiff was struck, a verdict for the plaintiff will not be reversed for want of proof of the negligence of the defendant.

ID. — CONTRIBUTORY NEGLIGENCE — REASONABLE CARE — QUESTION FOR JURY.—Persons crossing a street railroad on a populous street are held only to what, under all of the circumstances, is the exercise of reasonable care. Where there was evidence that when the plaintiff left the sidewalk to cross the street, which was a narrow one, she looked both ways, and saw no car approaching, and heard no signal of its approach, the question was one for the jury, which was not bound to find that she was guilty of contributory negligence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

W. H. L. Barnes, for Appellant.

A. Morgenthal, for Respondent.

McFARLAND, J.—This is an action to recover damages for personal injuries alleged to have been caused by a car of the defendant, a street-railroad company. The verdict and judgment were for the plaintiff in the sum of one thousand dollars, and defendant appeals.

It is not contended by appellant that the court below committed any error of law in ruling upon the admissibility of evidence or in instructing the jury. The sole contention is, that a nonsuit should have been granted, and that the verdict was against the evidence, because the evidence failed to show any negligence of appellant at the time of the accident, and because, upon the facts, respondent was, as a matter of law, guilty of contributory negligence. We do not think that the contention is maintainable on either point.

As to the negligence of appellant, the evidence was clearly conflicting within the meaning of the rule that in such case a finding will not be here disturbed. No doubt, some juries would have found differently on this issue; but there was certainly considerable evidence that at the time of the accident the car was going at a high, unlawful, and dangerous rate of speed, and that no bell had been rung nor other alarm given at the crossing of Perry Street, which was about one half of a short block from the point where respondent was struck.

As to the alleged contributory negligence of respondent, we think that the evidence presented a case where it was for the jury to say whether the respondent exercised reasonable care in crossing the street, and not a case where a court can say, as it might in some instances, that, as a matter of law, there was contributory negligence. The accident occurred on a public street in a populous part of the city, along which appellant had its street-railway track over which it operated its street-cars by electricity. In such case a person desiring to cross the street must of course exercise due care and caution, and if he does not do so, and his want of care contributes proximately to the injury, he cannot recover; but it has been repeatedly decided that he is not held to that high degree of care which is required in the case of an ordinary steam railroad running through the country, on which heavy trains of cars are moved at a high rate of speed and cannot be quickly stopped or controlled. Persons crossing a street railroad on a populous street are held only to what under all the circum-

stances is the exercise of reasonable care. (See *Strong* v. *Sac. & Placerville R. R. Co.*, 61 Cal. 328; *Swain* v. *Fourteenth St. R. R. Co.*, 93 Cal. 184; *Driscoll* v. *Cable Ry. Co.*, 97 Cal. 553;[1] *Cross* v. *California St. C. Ry. Co.*, 102 Cal. 316; *Clark* v. *Bennett*, 123 Cal. 278.) In the case at bar there was evidence that the respondent, when she left the sidewalk to cross the street, which was a narrow one, had an unobstructed view of the street both ways, and that she looked both ways, and saw no car approaching, and heard no signal of its approach. Considering all the evidence on the point, it cannot be correctly said that the jury was bound to find that the respondent was guilty of contributory negligence, or that the law must ascribe to her such negligence.

The judgment and order appealed from are affirmed.

Henshaw, J., and Temple, J., concurred.