[L. A. No. 2567. Department One.—November 19, 1910.]

CORY G. HOFF and ALTA MAY HOFF, Appellants, v. LOS ANGELES PACIFIC COMPANY (a Corporation), Respondent.

NONSUIT—EVIDENCE COMPELLING DENIAL.—A motion for nonsuit admits the truth of plaintiff's evidence, and every inference of fact that can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant. If there is any evidence tending to sustain plaintiff's action the nonsuit should be denied, without passing upon the sufficiency of such evidence, and where there is a conflict in the evidence, some of which tends to sustain the plaintiff's case, the motion should also be denied.

NEGLIGENCE—WHEN QUESTION OF FACT OR LAW.—Negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally

drawn therefrom. If but one conclusion can reasonably be reached from the evidence, it is a question of law for the court, but if one sensible and impartial man might decide that the plaintiff had exercised ordinary care, and another equally sensible and impartial man that he had not exercised such care, it must be left to the jury.

ID.—CROSSING ELECTRIC STREET-RAILWAY—DEGREE OF CARE TO BE EXERCISED.—While one about to cross the track of an electric-street railway is not held to that high degree of care that is required in the case of an ordinary steam railroad running in the country, he must exercise such care as is reasonable under all the conditions, rights, and circumstances, and if he fails to do so, with the result that his own negligence contributes to the accident in which he is injured, he cannot recover, in the absence of the application to the other party of the doctrine of what is called the "last clear chance" doctrine.

ID.—ORDINARY CARE.—The care required of such person is that degree of care which people of ordinarily prudent habits could be expected to exercise under similar conditions.

ID.—CARE REQUIRED OF PERSON IN GREAT PERIL.—A person in great peril, where immediate action is necessary to avoid it, is not required to exercise all of that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances, and the reasonableness of his effort to escape injury after discovery of the danger is a question for the jury to be determined by them in view of all the circumstances.

ID.—CROSSING STREET-RAILWAY IN AUTOMOBILE—USE OF SIGHT AND HEARING.—It is incumbent upon a person approaching a street-railway crossing in an automobile to use ordinary care to detect the approach of cars on either track, and this involves the exercise of the senses of both sight and hearing on his part to the extent that an ordinarily careful person, regardful of the safety of himself and his companions, would exercise those faculties.

ID.—SPEED IN APPROACHING CROSSING.—In the absence of anything in the situation of a street-railway crossing to make a different rule applicable, it cannot be held negligence, as matter of law, to approach it in an automobile at a rate of speed of six miles an hour.

ID.—CROSSING IN FRONT OF APPROACHING CAR—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—The driver of an automobile, approaching the crossing of an electric street-railway at the rate of about six miles an hour, when about thirty-five feet from the track looked to the west one hundred and fifty feet or so and saw no approaching car; he then looked to the east with the same result, and then at the track in front, and then again to the west, when he first saw the car approaching, apparently about one hundred to one hundred and twenty-five feet away. He was at this time about six to eight feet from the track, and immediately increased the speed of the automobile in an endeavor to cross the track. The approaching car, which collided with the automobile, was traveling at a rate of

speed in excess of that allowed by the city ordinance. The evidence warranted the conclusion that when the car was first seen, the driver could not have stopped the automobile before it reached the track. *Held,* that it was a question for the jury whether or not the driver of the automobile was guilty of contributory negligence in getting into a position of peril through failure to use his sense of sight in approaching the crossing.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Gray, Barker & Bowen, and Allen, Van Dyke & Jutten, for Appellants.

J. W. McKinley, and Gurney E. Newlin, for Respondent.

ANGELLOTTI, J.—This is an appeal from a judgment of nonsuit in an action for damages for personal injuries sustained by plaintiff Alta May Hoff, the wife of her co-plaintiff, in a collision in the city of Los Angeles between an automobile in which she was riding and which was being operated by her husband, and two electric cars of defendant, coupled together and operated by defendant's servants. The collision occurred at the intersection of Sixteenth Street, along which defendant operated a double track electric street-railway, with Western Avenue, about five o'clock P. M. on August 23, 1908. Mr. Hoff was endeavoring to cross defendant's tracks at such intersection with his automobile, containing himself, his wife, and four other persons, when the machine was struck a little back of its center by defendant's cars, which were proceeding along Sixteenth Street from the west, with the result that the machine was violently thrown quite a distance, and Mrs. Hoff severely injured.

The motion for a nonsuit was granted on the ground that the plaintiffs' evidence showed that Mr. Hoff was guilty of contributory negligence. It is conceded by defendant for the purposes of this appeal that such evidence showed negligence on the part of defendant's motorman, in that at the time of the collision defendant's cars were being propelled at a rate of speed in excess of that allowed by an ordinance of the city,

such ordinance prohibiting a rate of speed in excess of eight miles per hour over any crossing in the district including the intersection of Sixteenth Street and Western Avenue, and that no bell was rung and no whistle blown as the cars approached this crossing.

Learned counsel for defendant freely concede the correctness of the rule stated as to the review of the action of trial courts in granting nonsuits in cases of this character in *Kramm* v. *Stockton Electric R. R. Co.*, 3 Cal. App. 606, 609, [86 Pac. 738], as follows: "The motion for nonsuit admits the truth of plaintiff's evidence, and every inference of fact that can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant. If there is any evidence tending to sustain plaintiff's action the nonsuit should be denied, without passing upon the sufficiency of such evidence, and where there is a conflict in the evidence, some of which tends to sustain the plaintiff's case, a motion for a nonsuit should not be granted. Nor is there any dispute as to the well-settled rule 'that negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence,' and that if but one conclusion can reasonably be reached from the evidence, it is a question of law for the court, but if one sensible and impartial man might decide that the plaintiff had exercised ordinary care, and another equally sensible and impartial man that he had not exercised such care, it must be left to the jury." (*Herbert* v. *Southern Pacific Co.*, 121 Cal. 227, 229, [53 Pac. 651].) "It has often been said by this court that it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a general rule, it is a question of fact for the jury, an inference to be deduced from the circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury. . . . If the conceded facts are such that reasonable minds might differ upon the question as to whether or not one was negligent, the question is one of fact for the jury." (*Sellers* v. *Market Street Ry. Co.*, 139 Cal. 268, 271, [72 Pac. 1006].)

In view of these well-established rules we are of the opinion that the trial court erred in granting the motion for a nonsuit.

While it is true that one about to cross the track of a street-railway is, as said in *Kernan* v. *Market Street Ry. Co.*, 137 Cal. 326, [70 Pac. 81], "not held to that high degree of care which is required in the case of an ordinary steam railroad running through the country, on which heavy trains of cars are moved at a high rate of speed and cannot be quickly stopped or controlled," (see, also, *Clark* v. *Bennett*, 123 Cal. 275, [55 Pac. 908]), he must, of course, exercise such care as is reasonable under all the conditions, rights, and circumstances (*Scott* v. *San Bernardino etc. Co.*, 152 Cal. 604, 610, [93 Pac. 677]), and if he fails to do so with the result that his own negligence contributes to the accident in which he is injured, he cannot recover, in the absence of the application to the other party of the doctrine of what is called in our decisions the "last clear chance" doctrine. The care required has been declared to be "that degree of care which people of ordinarily prudent habits—people in general—could be reasonably expected to exercise under the circumstances of a given case" (*Driscoll* v. *Cable Ry. Co.*, 97 Cal. 553, 567, [33 Am. St. Rep. 203, 32 Pac. 592]), "that degree of care and prudence and good sense which men who possess those qualities in an ordinary or average degree exercise" under similar conditions. (*Clark* v. *Bennett*, 123 Cal. 278, [55 Pac. 908].) While undoubtedly in some cases the facts may be such as to leave no room for doubt in the mind of any reasonable person as to the negligence of a plaintiff, as in *Bailey* v. *Market Street etc. Co.*, 110 Cal. 320, [42 Pac. 914], where the plaintiff standing between two tracks waiting for a car stepped backward without looking upon one of the tracks in the face of an approaching car that was within a very few feet of her, the question of negligence is generally one upon which reasonable persons may well differ. We think that the evidence in this case construed most favorably to plaintiffs, as they are entitled to have it construed, presents such a case.

It is not seriously contended that the evidence compels the conclusion that Mr. Hoff's conduct after he first saw the approaching cars was such as to show contributory negligence on his part as matter of law. At that time he was from six to eight feet from the track upon which the cars were ap-

proaching, with the front of his machine nearly on the track, and traveling at a rate of speed of five or six miles an hour. As we must on this appeal, we are considering the evidence in the light most favorable to plaintiffs. He then saw the cars approaching at a point apparently about one hundred or one hundred and twenty-five feet away. He almost immediately increased his speed in an endeavor to get over the track. It is not at all clear that this was not his only chance to escape a collision under the existing circumstances, for the evidence is such as to warrant the conclusion that he could not then have stopped his machine before it reached the railroad track. But it is to be remembered "that a person in great peril, where immediate action is necessary to avoid it, is not required to exercise all of that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances," and that the reasonableness of his effort to escape injury after discovery of the danger is a question for the jury to be determined by them in view of all the circumstances. (*Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, 521, [98 Am. St. Rep. 85, 74 Pac. 15]; *Bilton* v. *Southern Pacific Co.*, 148 Cal. 443, 450, [83 Pac. 440].) It is further to be borne in mind that the evidence is of such a nature that it may reasonably be concluded that Mr. Hoff was warranted in assuming that the cars were approaching at such a rate of speed that they would not cross Western Avenue at a greater rate than eight miles an hour, the speed allowed by the ordinance (see *Scott* v. *San Bernardino etc. Co.*, 152 Cal. 640, [93 Pac. 677]), and that if such had been the fact it would have been entirely reasonable to assume that the crossing would be made in safety.

Learned counsel for defendant assumes that Mr. Hoff was in a position of peril at the time he discovered the approaching cars, and say that "his negligence consisted in getting into a position of peril through failure to use his sense of sight at the proper point in his approach towards the track." Mr. Hoff testified that he was traveling along Western Avenue, between twelve and fifteen miles an hour, that he saw the railroad track when he was about half a block away, that he at once looked and listened in both directions as far as he could see, that he heard or saw nothing to indicate the approach of a car, that he began to slow down when about forty or fifty

feet south of the track and decreased his speed until he was going only five or six miles an hour, that when about thirty-five feet from the track he looked to the west one hundred and fifty feet or so and saw no car, that he then looked to the east to see if a car was approaching from that direction, that he then just looked at the track in front seeking a smooth place to go over and then to the west again when he saw the car as before stated, apparently some one hundred or one hundred and twenty-five feet away. The evidence does not compel the conclusion that he should have seen the car when he looked from a point about thirty-five feet from the track. We are at a loss to understand how upon this evidence it can be held as a matter of law that Hoff was guilty of negligence. There is nothing to indicate that the situation at this crossing was such that it was negligent to approach it at a rate of speed of six miles an hour. Of course, it was incumbent upon Hoff in so approaching the crossing to use ordinary care to detect the approach of cars on either track, and this involved the exercise of the senses of both sight and hearing on his part to the extent that an ordinarily careful person, regardful of the safety of himself and his companions, would exercise those faculties. (See *Bailey* v. *Market St. etc. Co.*, 110 Cal. 320, [42 Pac. 914]; *Scott* v. *San Bernardino etc. Co.*, 152 Cal. 604, [93 Pac. 677].) But we cannot agree that the evidence compels the inference that he refrained from the exercise of such faculties when once he had arrived at a point thirty-five feet from the track. It must be borne in mind that traveling at six miles an hour not more than four seconds would elapse between the time he looked to the west thirty-five feet from the track and the time he again looked and saw the car. In the mean time he had looked to the east to see if there was danger from that point, as it was his clear duty to do, and in so doing was necessarily compelled to momentarily withdraw his eyes from the west, and he had also looked to the front to see that his proposed crossing place was all right, the rails being slightly elevated above the ground, and then immediately looked west again, all this in the short space of four seconds. The best we can say for defendant upon the evidence in this record is that the question whether Hoff was negligent in approaching this crossing is one upon which reasonable men might well differ. This being so, it was a question for the

jury, and the trial court should not have granted the motion for a nonsuit. We find nothing in the cases cited by learned counsel for defendant that warrants a different conclusion.

In view of our conclusion upon the point discussed, it is unnecessary to consider any other point made for reversal.

The judgment is reversed and the cause remanded for a new trial.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.