[Civ. No. 1381.    First Appellate District.—July 14, 1914.]

ERNEST EINERTSEN, Respondent, v. UNITED RAIL-
ROADS OF SAN FRANCISCO (a Corporation), Ap-
pellant.

NEGLIGENCE—STREET RAILWAYS—OPERATION OF CAR NEAR TRUCK—
INJURY TO PASSENGER ON STEPS.—In this action against a street
railway company by a passenger to recover for personal injuries
sustained while riding on the steps of a car by coming in contact
with a truck standing in close proximity to the track, the trial
court was warranted in finding that the car was operated at an
unsafe and dangerous speed, considering that the truck occupied a
position so near the car as to be dangerous to occupants of certain
parts thereof.

ID.—PASSENGER RIDING ON STEPS OF STREET CAR—INABILITY TO GET
INSIDE BECAUSE OF CROWD ON STEPS.—The evidence is sufficient to
sustain the findings of the trial court that the defendant railroad
company negligently permitted the platform and steps of the car
where the plaintiff was standing to remain in a congested condition,
so that he could not obtain access to the interior of the car and
thereby escape being injured, and that the injuries sustained by him
were not directly or proximately caused by his own negligence or
by any want of care on his part, but were the result of the care-
lessness and neglect of the employees of the defendant.

ID.—QUESTIONS OF FACT FOR TRIAL COURT.—The questions as to whether
or not the plaintiff exercised care to avoid the injuries, and whether
the defendant was negligent in permitting the car steps to become
congested, were questions of fact for the trial court.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order refusing
a new trial.    Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon, and Kingsley W. Cannon,
for Appellant.

McNair & Stoker, for Respondent.

KERRIGAN, J.—This action was brought to recover dam-
ages for personal injuries sustained by plaintiff, and this ap-
peal is from a judgment rendered in his favor and from an
order denying a new trial.

The injuries were sustained by plaintiff while a passenger on one of the cars of the defendant company.

The complaint recites: That, on the twenty-first day of October, 1907, plaintiff boarded a car at a point on Mission Street, near the foot thereof, in the city and county of San Francisco, said car being operated by defendant for the convenience of passengers; that plaintiff tendered and the conductor of said car accepted and received his fare; that at the time plaintiff was standing at the bottom step of the rear platform on the northerly side of the car, which was westbound, the steps and platform of which were crowded with passengers to such an extent that plaintiff was unable to enter the interior of the car, although he attempted so to do; that there was sufficient space in the interior of the car for all of the passengers thereon; and that, at the time of receiving his injuries, plaintiff was making an effort to gain an entrance therein from the outside step upon which he was standing; that, while still standing upon said step, and while attempting to gain an entrance to the interior of the car, plaintiff observed a truck or van backed up against the curbing of Mission Street, with the front end thereof projecting out into said street, toward the track upon and over which the car was passing, and the plaintiff, realizing that he would be struck with the projecting end of said truck or van if the employees in charge of said car should attempt to pass thereby without stopping, the said car being operated at such a rapid rate the plaintiff could not with safety to himself alight therefrom, called upon the conductor in charge to stop the car, but the conductor did not heed his request; that, by reason of the car going at such a rapid rate of speed, which was not slackened in passing the projection, plaintiff was caught between the rear end of said car and the projecting front of said truck, and received the injuries which formed the basis of this action.

Plaintiff further alleged the negligent operation of the car at the rapid rate of speed, and the negligence of the defendant in permitting the rear steps and platform of the car to remain crowded and congested with passengers when there was sufficient space within the interior thereof.

The injuries received by plaintiff were alleged to be permanent, and to consist of a displacement and contusion of the liver, stomach, kidneys, and other abdominal organs, and the

bending and dislocation of the ribs, the bruising of his body in various places, and a violent shock to his nervous system.

A jury trial was waived, and the court rendered judgment in favor of the plaintiff and against the defendant for the sum of one thousand dollars, and his costs.

It is the claim of defendant that the judgment and order appealed from should be reversed for the reason that the evidence is insufficient to support the decision, and it argues:

1. That the evidence is insufficient to show that the defendant operated his car at a dangerous rate of speed.

2. That the evidence is insufficient to show actionable negligence in permitting the steps of the car to become crowded and congested.

3. That the evidence affirmatively and indisputably shows that the plaintiff was himself guilty of negligence, proximately contributing to his injuries.

The evidence relating to the circumstances under which the injuries were received is practically free from conflict upon the question of the speed of the car. The court found that defendant operated the car by and past the wagon at a rate of speed unsafe and dangerous to plaintiff in the position he occupied, and the defendant knew of the danger to which passengers were submitted by reason of the car being thus operated by and past said wagon. The question as to whether or not the rate of speed was unsafe and dangerous was one, considering all the surrounding circumstances, for the trial court to determine. Plaintiff testified that the car was moving at a "terrible speed"; another witness, a police officer, estimated the speed at eight or nine miles an hour. The reasonableness of the rate of speed at which a car is run is to be measured by the surrounding circumstances. A rate of speed may be dangerous or excessive under one set of circumstances, where it would not be so under others. We cannot say, as a matter of law, that a finding as to the rate of speed under a given set of circumstances is not warranted by the evidence, this being a fact for the trial court to determine from all the evidence presented. The close proximity of the wagon to the track was a very material circumstance to be considered in determining whether or not the rate of speed was excessive. From all the evidence produced at the trial, we feel convinced that the court was amply warranted in finding that the car was operated at an unsafe and danger-

ous speed, considering that the truck occupied a position so near to the car as to be dangerous to occupants of certain parts of the car.

The further contentions of appellant, that the evidence is insufficient to show actionable negligence in permitting the steps of the car to become crowded, and that the evidence indisputably shows that the plaintiff was himself guilty of negligence proximately contributing to his injuries, are so intimately connected that we will discuss them together.

Upon these questions, the court found that there was sufficient space in the interior of the car for all passengers then upon it, and that the defendant negligently permitted the platform and steps of the car where plaintiff was standing to remain in a congested condition, so that plaintiff could not obtain access to the interior of the car and thereby esccape being injured, and that the injuries sustained by plaintiff were not directly or proximately caused by his own negligence or by any want of care on his part, but were the result of carelessness and neglect of the servants and employees of the defendant. Testimony of plaintiff shows that at the time he boarded the car there were passengers occupying the platform and steps, and that this crowded condition of that portion of the car prevented him from reaching its interior, although he endeavored to do so. Defendant sought to disprove this testimony by showing that another passenger boarded the car at another point on Mission Street, further west than did plaintiff, and that he proceeded up the steps of the car, and past the passengers standing thereon, and took a position at the rear of the platform, and defendant argues that if this witness could thus pass to a place of safety, plaintiff could have done likewise, and not having done so he was guilty of negligence in riding thus situated, and that he did so at his own risk. The plaintiff in his testimony showed a lack of certainty as to the intersecting street at which he boarded the car, but his testimony is positive to the point and is uncontradicted, that no one got on or off the car from the time he boarded it, and that the car did not stop from that time until the accident occurred.

At the rate of speed the car was traveling, it was a very short time after plaintiff boarded the car till the occurrence of the accident. Plaintiff testified that the car had only traveled two short blocks from his boarding point to where

the accident occurred, and that, during this time, he had paid his fare and was seeking to gain access to the interior of the car. He certainly could not know until he boarded the car that he would be prevented from gaining access to its interior —which the testimony shows was not crowded. Under these circumstances it cannot be said that his presence upon the step of the car, crowded though it was, constituted negligence. That plaintiff was exercising due care is shown by his undisputed testimony that, when within quite a distance of the wagon, realizing his danger, he called upon the conductor to stop the car, and at the same time endeavored, although unsuccessfully, to reach a place of safety.

The question as to whether or not the plaintiff exercised care to avoid the injuries was a question of fact for the trial court to determine. (*Seller* v. *Market St. Ry. Co.,* 139 Cal. 269, [72 Pac. 1006]; *Hoff* v. *Los Angeles Pacific Ry.,* 158 Cal. 596, [112 Pac. 53]; *Holloway* v. *Pasadena Ry. Co.,* 130 Cal. 177, [62 Pac. 478]; *Kimic* v. *San Jose & Los Gatos Ry.,* 156 Cal. 379, 386, [104 Pac. 986].)

The same may be said as to the question of whether or not defendant was negligent in permitting the steps of the car to be crowded and congested.

Both of these questions were determined adversely to the defendant by the trial court, upon evidence sufficient to sustain the findings; therefore the findings must be upheld.

For the reasons stated, the judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 13, 1914, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 11, 1914.