[Civ. No. 4762. Second Appellate District, Division One.—June 21, 1927.]

D. T. BLODGETT, Appellant, v. FRANK C. ELLIOTT, Respondent.

D. T. Blodgett, *in pro. per.*, for Appellant.

A. D. Mitchell and Pollock & Mitchell for Respondent.

McLUCAS, J., *pro tem.*—This action is brought to recover commissions for procuring a purchaser of a stock of merchandise, tools, and implements, and for procuring a lessee for buildings and grounds. At the close of plaintiff's case defendant moved for a nonsuit on the ground that plaintiff had failed to prove a sufficient case. The motion was granted, and plaintiff appeals from the judgment.

■ Without reviewing the evidence in detail, we find upon examination of the record that there is some evidence tending to prove plaintiff's employment by defendant, and that the sale was consummated through the efforts of plaintiff, especially in view of the fact that defendant sold and leased the property to plaintiff's customer soon after the plaintiff had called the attention of the customer to the property. There was also some evidence that the purchaser had received information concerning the property from sources other than plaintiff. In view of the conflict in the evidence, we think the case should more properly have been decided after defendant had put in his proof, rather than on a motion for nonsuit. ■ If there is any evidence tending to sustain plaintiff's action, a nonsuit should be denied without passing upon the sufficiency of such evidence, and where there is a conflict in the evidence, some of which tends to sustain plaintiff's case, a motion for nonsuit should not be granted. (*Hoff* v. *Los Angeles Pacific Co.*, 158 Cal. 596 [112 Pac. 53].) One of the grounds on which the trial court granted the motion for nonsuit was that the plaintiff was not the real party in interest. We find no evidence in the record sufficiently conclusive to justify a nonsuit on that ground. In our opinion the trial court erred in granting the motion for nonsuit.

It is ordered that plaintiff be granted leave to file his amendment to the complaint. The judgment is ordered reversed.

Houser, J., and York, J., concurred,