[S. F. No. 2626.   Department Two.—June 12, 1903.]

ALBERT J. SELLER, a Minor, by his Guardian ad Litem, Respondent, v. MARKET-STREET RAILWAY COMPANY, Appellant.

Negligence—Contributory Negligence—Questions for Jury.—It is very rarely that the question of the negligence of the defendant, or of the contributory negligence of the plaintiff, in an action for injuries alleged to have been sustained by negligence, is one of law for the court. As a general rule, the question is one of fact for the jury, under the circumstances of the particular case, and this rule applies when the conceded facts are such that reasonable minds may differ upon the question.

Id.—Riding upon Platform of Electric Car—Customary Seat of Minor upon Step.—The rule applicable to street-cars is very different from that applied to a train drawn by steam. Riding upon the platform of a street-car propelled by electricity is not contributory negligence, as matter of law; and granting that a minor under the age of fourteen years, who was accustomed to sit upon the side platform of such a car, with his feet upon the lower step,

without objection, should exercise reasonable care to avoid injury, the question whether such reasonable care was exercised while in such position, under the circumstances of the case, is one of fact for the jury.

ID.—INJURY FROM TURNING TRUCK—NEGLIGENCE OF MOTORMAN—QUESTION FOR JURY.—Where the plaintiff, while riding, seated with his feet upon the lower step of the side section of the platform of an electric car, and who had paid his fare from that position without warning from the conductor of any danger, was injured from collision of his legs with the hub of the wheel of a truck which had turned from the track in response to the bell of the motorman, who knew that the open sections were crowded, and that passengers were riding upon the side sections, and who started the car forward in such a hurried manner as to occasion the injury to the plaintiff from the truck, the question whether the motorman was negligent in so doing was purely one of fact for the jury to decide; and there was evidence sufficient to sustain their verdict for the plaintiff.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

W. H. L. Barnes, for Appellant.

Walter H. Linforth, Linforth & Whitaker, and W. T. Baggett, for Respondent.

ANGELLOTTI, J.—Plaintiff brought this action to obtain judgment for ten thousand dollars damages, claimed to have been suffered by him by reason of personal injuries alleged to have been inflicted through the negligent operation of one of defendant's cars, while he was a passenger thereon. The case was tried by a jury, and verdict was rendered in favor of plaintiff for five thousand dollars. From an order denying its motion for a new trial defendant appeals. Two points only are made for reversal in the briefs of counsel for appellant, viz.: 1. That the evidence showed no negligence on the part of defendant; and 2. That the evidence showed that plaintiff was guilty of negligence proximately contributing to his injury.

The plaintiff at the time of the accident was thirteen years old. Sent upon an errand by his employers, he boarded an

electric car of defendant at Twentieth and Kentucky streets, San Francisco. The car was one of the largest of defendant's cars, with open sections at each end and two steps leading to the ground therefrom, which steps ran the entire length of the open sections on both sides. These steps, both upper and lower, extended beyond the sides of the car. When plaintiff stepped upon the car, the seats on the open sections were all occupied, and some passengers were standing in the passage-ways, but there were unoccupied seats inside the car. The plaintiff remained upon the front open section. There was evidence from which the jury might conclude that he at once sat down on the platform where passengers who sit upon the seats of the open section rest their feet, his feet resting on the lower step of the open section, and that he remained in that position until the time of the accident. There was also evidence from which the jury might find that the conductor collected fare from him while he was in that position, and after the car had carried him for about one and one half blocks. There was no regulation of the company forbidding one to ride in such a place, and no one suggested to plaintiff that he should not ride there. The conductor testified that passengers sometimes sit on such platform and on the steps, and that they stand on the steps, even the lower step, daily, and that they so do on such cars is a matter of common knowledge. There were other passengers so standing on the steps of this car at the time of the accident.

After the car had gone some considerable distance, it was delayed by a loaded truck going along the track in front of the car and in the same direction. The truck-driver was for some time unable to turn out, on account of the crowded condition of the street, and the truck continued to obstruct the car for about one and one half blocks, and until the car had turned into Fourth Street, the motorman continually ringing his bell to clear the track. When finally the truck commenced to pull out the front end of the car was some two or three feet from the end of the truck, and as soon as the motorman thought that the car was free and clear of the truck he went ahead. The car did pass without touching the truck, but plaintiff was struck by the hub of one of the truck-wheels, dragged from the car thereby and severely injured. There was testimony indi-

cating that the truck-driver turned steadily from the car after
he had once commenced to turn; that the motorman had been
delayed some three minutes by the truck, and was naturally
anxious to hurry on; and that the car passed so close to the
truck that the hub of the hind truck-wheel projected over the
lower step of the open section to such an extent that, although
it did not strike the car, it would strike anything as high
from the ground above the step as itself. One of defendant's
witnesses testified that the truck was so close that he stepped
up on the seat to avoid injury.

The evidence was conflicting as to many material matters,
but there was evidence sufficient to sustain the jury in finding
that the facts were as above stated. It is earnestly contended
that, regardless of any question of negligence on the part of
defendant, the place on the car where the plaintiff sat was not
one provided for the seating of passengers, and was obviously
unsafe, and that in occupying such place, when there were
vacant seats inside the car, the plaintiff was, as a matter of
law, guilty of such contributory negligence as precludes a
recovery. There is no other basis in the evidence for the
claim of contributory negligence.

It has often been said by this court that it is very rare that
a set of circumstances is presented which enables a court to
say, as a matter of law, that negligence has been shown. As
a general rule, it is a question of fact for the jury, an infer-
ence to be deduced from the circumstances of each particular
case, and it is only where the deduction to be drawn is inevi-
tably that of negligence that the court is authorized to with-
draw the question from the jury. This is true even where
there is no conflict in the evidence, if different conclusions
upon the subject can be rationally drawn therefrom. If the
conceded facts are such that reasonable minds might differ
upon the question as to whether or not one was negligent, the
question is one of fact for the jury. These rules are so well
settled as to render it unnecessary to here do more than state
them. (See *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227;
*Fox* v. *Oakland Consolidated St. Ry. Co.*, 118 Cal. 61; [1] *Mc-
Kune* v. *Santa Clara Valley M. & L. Co.*, 110 Cal. 484.)

It appears very clear to us that the questions as to whether

[1] 62 Am. St. Rep. 216.

or not the seat occupied by plaintiff was such as to endanger his safety, provided the defendant exercised proper care in the operation of the car, and whether or not he was guilty of contributory negligence in occupying the same, were questions for the jury. His position, as described by him,—and for the purposes of this appeal we must assume that the jury accepted his statement as true,—was as safe as that of any one on the open section of the car, except for the danger from passing vehicles or obstructions on the street, and as to those he was in as safe a position as any one standing on the foot-board, for no part of his body could have protruded beyond the edge of the foot-board. When we take into consideration the fact that the defendant did not attempt to prohibit passengers from occupying such places, but that, on the contrary, with the full consent of defendant, passengers stood on the foot-boards daily, and sat on such platform and on the steps; that defendant, without objection, accepted plaintiff as a passenger while occupying such position, and collected fare from him; that plaintiff had previously, on more than one occasion, occupied a similar position on these cars without objection; and that he was not yet fourteen years of age,—it is apparent that the question as to whether, in occupying such position, he was guilty of negligence was at least one concerning which reasonable minds might differ.

The rule applicable to street-railroad cars is very different from that applied to a train drawn by steam-power. Referring to this, in a case where one riding on the platform of an electric car was thrown from the platform and injured, the supreme court of Maine, in *Watson* v. *Portland etc. Ry. Co.,* 91 Me. 584,[1] said: " It is a notorious fact that street-railroad companies whose cars are propelled by electricity constantly expect and invite passengers to ride upon the platforms of their cars when there is no room inside, and that persons having occasion to use such cars are frequently glad for even a foothold upon the platform, step, or foot-board. Neither carrier nor public have regarded the street-car platform as a known place of danger, and we are not disposed to say, as a matter of law, that the passenger who rides upon the platform of an electric street-car is thereby guilty of such contributory

[1] 64 Am. St. Rep. 268.

negligence as to prevent his recovery for injury sustained through the fault of an employee of the transportation company. We hold, rather, that it is a circumstance to be submitted to and determined by the jury." This case is in accord with the general current of authority relative to street-car cases. In *Holloway* v. *Pasadena etc. Ry. Co.*, 130 Cal. 177, this court said, in a case in which the passenger sat on the front platform, with his feet resting on the step, that the question as to whether or not the seat was such as to endanger the life or safety of plaintiff, provided the defendant exercised due and proper care, was a question for the jury. The fact that there were some vacant seats inside the car, while probably a circumstance to be considered by the jury, does not materially affect the question under discussion.

Granting that one occupying such a position must exercise reasonable care in looking out for and protecting himself against vehicles of travel met or overtaken by the car, the railway company is not exempted from all liability in regard thereto. The passenger has the right to assume in taking such a position by the invitation or consent of the company that the company will exercise some degree of care to avoid doing anything that might injure him, and undoubtedly it is its legal duty so to do. Whether or not the plaintiff, under all the circumstances of this case, exercised such care as might reasonably be demanded, was a question for the jury.

It is clear that there was evidence sufficient to justify the jury in finding that the motorman was guilty of negligence. It appears from his own testimony that he knew that the open section was crowded, and that there were passengers standing on the steps on the sides of such section. It was his duty to use such care as, under the circumstances, would be reasonable, to avoid injury not only to his car but also to his passengers. There was evidence to the effect that he moved his car forward at such a time and in such a manner as to bring the lower step of the open section under the hub of one of the truck-wheels. Whether he was negligent in so doing was purely a question for the jury to decide.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.