[Civ. No. 2963. Second Appellate District, Division One.—March 5, 1921.]

## LOUIS A. ARNAZ, Respondent, v. H. W. FORBES, Appellant.

[1] FINDINGS—MATERIAL ISSUES—EVIDENCE—DUTY OF TRIAL JUDGE.— While the law imposes upon a trial judge the duty to make findings upon all material issues as to which evidence has been introduced, where the evidence introduced in an action for damages for personal injuries does not support the defendant's plea of contributory negligence, a finding upon that issue is not necessary to be made.

[2] ID.—ACTION FOR DAMAGES FOR PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In this action for damages for personal injuries suffered by the plaintiff by reason of the negligent acts of the defendant in the handling and driving of an automobile, the evidence would not have supported a finding that the plaintiff was guilty of contributory negligence, as alleged by the defendant; therefore the failure of the court to make a finding upon that plea did not constitute reversible error.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. M. Conley, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Lynn Helm for Appellant.

Edward F. Wehrle for Respondent.

JAMES, J.—This action was brought to recover damages alleged to have been suffered by the plaintiff by

reason of the negligent acts of the defendant in the handling and driving of an automobile. The case was tried before the court without a jury and judgment entered in favor of the plaintiff. From that judgment defendant appeals. Defendant in his answer pleaded that the plaintiff was guilty of contributory negligence which was the proximate cause of his injuries. The court failed to make a finding upon this plea and that omission constitutes the sole claim for a reversal.

[1] The law imposes upon a trial judge the duty to make findings upon all material issues as to which evidence has been introduced. On the other hand, it is well settled that where the evidence heard does not support the plea of contributory negligence, a finding upon the issue is not necessary to be made. (*Winslow* v. *Gohransen,* 88 Cal. 450, [26 Pac. 504]; *Maloof* v. *Maloof,* 175 Cal. 571, [166 Pac. 330].) The latter case is cited upon the general proposition just announced, without our agreement with the statement made in that decision, to the effect that the omission of the court to find upon an issue made by the pleading falls within the errors described in section 4½ of article VI of the constitution. [2] Examining the evidence to which our attention is directed, we are not able to conclude that this evidence justified a finding in favor of the defendant on his claim that contributory negligence of the plaintiff had been shown. All of the evidence to which we are pointed is that given in substantiation of the situation as described by the plaintiff when the accident occurred. Briefly stated, the evidence was that the plaintiff at a street intersection left the east sidewalk to cross to the westerly corner of the street at the customary place. He traversed a distance of twenty-eight feet and a half, which composed pavement designed for vehicles to travel upon, and came to the easterly rail of a double street-car track laid in the street, where he stopped. The track at this point curved to make the turn from the street, across which plaintiff had moved, into the intersecting street. A car was approaching from the intersecting street at the corner, and it was for the purpose of allowing this car to pass that plaintiff stopped. He testified that at the time he stepped from the curb to advance to the place where he was standing when struck, he had

observed the automobile which struck him approaching from the south at a distance, as shown by other testimony, of about 340 feet. He testified that he stood still at the point indicated for several minutes to allow the approaching car to start and round the curve in front of him; that standing in his place he suddenly saw the automobile almost upon him; that he tried to escape from the dangerous position by grabbing the "bumper" and jumping to one side. By this collision he suffered bodily injuries. The automobile of the defendant had ample room to pass the plaintiff, as the distance from where he stood to the east sidewalk which he left was, as before stated, twenty-eight feet and a half. Plaintiff, according to his testimony, which seems to be without dispute, had remained in a stationary position where he could be plainly seen under ordinary circumstances for several minutes. That plaintiff had a right to be in the position where he was, and that defendant in the careful management of his machine could and should have avoided contact with the plaintiff, seems very clear to us. There was other testimony ample to the point that the defendant was negligent. The motorman of the car which plaintiff was waiting to allow to pass testified that the automobile came up at a speed of not less than twenty miles per hour and almost collided with the car, which was traveling upon the side of the street opposite to that upon which the defendant should have been traveling, had he conformed to the requirement of the law. We conclude that under the evidence a finding that plaintiff was guilty of contributory negligence would not be supported.

The judgment is affirmed.

Shaw, J., concurred.