[Civ. No. 5546. First Appellate District, Division Two.—March 17, 1927.]

PHIL C. KATZ, as Administrator, etc., Respondent, v. T. I. BUTLER COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE — PEDESTRIAN STRUCK BY AUTOTRUCK — FINDING—EVIDENCE. — In this action for damages for personal injuries suffered by a pedestrian as a result of being struck by an automobile truck, the evidence was sufficient to support the finding of the jury that the defendant's truck driver was negligent in operating the truck without lights at the time and place and in the manner shown by the testimony.

[2] ID.—CONDUCT OF PLAINTIFF—TEST—CARE.—In such action, the test is not whether the plaintiff did all that was possible for him to do, such as seeing everything that was possible to see that could be a source of danger to him, but whether he acted with ordinary care and prudence under all the facts and circumstances.

[3] ID.—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION OF LAW OR FOR JURY.—It is only where no fact is left in doubt and no deduction or inference other than negligence can be drawn by the jury from the evidence that a court can say as a matter of law that contributory negligence is established; and even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one for the jury.

[4] ID.—FINDING—EVIDENCE—APPEAL.—In such action, under the evidence the jury was entitled to find that plaintiff was free from contributory negligence, and such finding will not be disturbed on appeal.

[5] ID.—TIME OF ACCIDENT—EVIDENCE.—In such action, the time-card of a workingman was properly received in evidence when produced by him in connection with his statement made without objection that the time-clock kept accurate time, as such evidence was material to help fix the time of the accident.

[6] ID.—CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE—INSTRUCTIONS. Strictly speaking, contributory negligence is not *the* proximate, but is more properly referred to as *a* proximate cause, because it co-operates with another proximate cause, to wit, the negligence of the defendant; and a given instruction, wherein the expression is used that "the plaintiff's negligence must be the direct or proxi-

2. See 19 Cal. Jur. 577; 20 R. C. L. 26.

3. Contributory negligence as question for jury, note, 8 Am. St. Rep. 849. See, also, 3 Cal. Jur. 842; 19 Cal. Jur. 725; 20 R. C. L. 167.

mate cause of his injuries or it will not defeat his claim for damages in the event his injuries if any were caused by the negligence of the defendant" is not erroneous, since it makes plain that the injuries referred to must have been caused by the negligence of the defendant.

[7] Id.—Use of Headlights—Motor Vehicle Act—Instructions.— In such action, the claim of defendant in connection with an instruction, "I instruct you that the requirement of . . . the Motor Vehicle Act, 'that all times during half an hour after sunset to half an hour before sunrise every automobile while on the public highways shall carry at the front at least two lighted lamps,' and if you find from the evidence that said Kleiber truck operated . . . at the time of the accident to the plaintiff herein was being so operated one-half hour after sunset, etc. . . . ,'" that the language used therein gave the jury to understand that the law required such headlights during the period of one-half hour commencing at sunset instead of during the period commencing at the expiration of one-half hour after sunset was without merit.

***

(1) 42 C. J., p. 1236, n. 36. (2) 42 C. J., p. 1134, n. 51, p. 1268, n. 17. (3) 29 Cyc., p. 632, n. 55. (4) 4 C. J., p. 854, n. 65. (5) 22 C. J., p. 893, n. 67. (6) 42 C. J., p. 1276, n. 99. (7) 42 C. J., p. 1276, n. 9.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Cooley & Gallagher for Appellant.

Spencer G. Prime for Respondent.

KOFORD, P. J.—This is an appeal by the defendant from a judgment in favor of plaintiff for personal injuries. The trial was by jury. The evidence shows that plaintiff was struck and injured by a truck driven by defendant's driver while crossing Mission Street at the intersection of Twelfth Street, in the city of San Francisco. The evidence would support a finding that the accident happened a few minutes after or perhaps a few minutes before one-half hour after sunset. The truck did not have its headlights burning and

---

6. See 19 Cal. Jur. 641; 20 R. C. L. 136.

entered Mission Street driving southerly on Twelfth Street
and turned westerly into Mission Street. The plaintiff was
struck by the truck after he had walked but a few feet out
from the sidewalk into the street. At the trial witnesses
testified to various degrees of darkness and visibility. On
the side of plaintiff such expressions as the following were
used: About dusk, getting dark, hazy and dark, inclined
toward darkness and foggy. One witness testified it was
with difficulty that he could see to pick up plaintiff's silver
scattered on the pavement.

[1] The evidence shown in the record is sufficient to sup-
port the finding of the jury that the defendant's truck driver
was negligent in operating the truck without lights at the
time and place and in the manner testified to by the
witnesses.

Plaintiff and another witness testified that he looked to his
left before starting to cross the street, but saw no danger.
Appellant contends that the plaintiff was guilty of con-
tributory negligence as a matter of law. It contends that
if plaintiff looked and did not see, he looked negligently,
for the truck was not invisible and was seen by another
witness. On the other hand, if the plaintiff did not look
before leaving the sidewalk to cross the pavement, it is
claimed he was negligent for not looking. Appellant has
cited numerous authorities where this principle has been
applied. The facts in the cases referred to, however, are
either quite different from those in the case at bar or are
cases where the jury or trial court determined the question
as a decision of fact. It is certainly not true that this
principle can be applied to every case of a pedestrian struck
by a vehicle while attempting to cross the street. [2] The
test is not whether the plaintiff did all that was possible for
him to do, such as seeing everything that was possible to
see that could be a source of danger to him, but whether
he acted with ordinary care and prudence under all the
facts and circumstances. A pedestrian acting with ordinary
prudence at a time when lights are reasonably necessary
or required by law may look with due care and still fail to
see an unlighted truck or fail to apprehend that it is a source
of danger to him. Especially is this so where the truck
makes a turn just before coming into the street and bearing
upon the pedestrian. At least we cannot say that this is

not true as a matter of law.   [3]   The rule is well settled, as stated in *Johnson* v. *Southern Pacific R. R. Co.,* 154 Cal. 295 [97 Pac. 520], and also in *Zibbell* v. *Southern Pacific R. R. Co.,* 160 Cal. 237, 241 [116 Pac. 513], that it is only where no fact is left in doubt and no deduction or inference other than negligence can be drawn by the jury from the evidence that a court can say as a matter of law that contributory negligence is established.   Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one for the jury.   (*Seller* v. *Market Street Ry. Co.,* 139 Cal. 268, 271 [72 Pac. 1006].)

[4]   Under the facts which the jury were entitled to believe from the record in this case, it was entitled to find that the plaintiff was free from contributory negligence and this finding by the jury will not be disturbed by this court on appeal.

We see no error in the court's rulings on evidence admitted over the objection of appellant.   The injuries testified to by the doctor were embraced within the allegations of the complaint.   [5]   The time-card of a workingman was properly received in evidence when produced by him in connection with his statement made without objection that the time-clock kept accurate time.   This was material to help fix the time of the accident.

[6]   Appellant criticises instruction No. VII given by the court in which the following expression is used: "The plaintiff's negligence must be the direct or proximate cause of his injuries or it will not defeat his claim for damages in the event his injuries if any were caused by the negligence of the defendant."   Strictly speaking, contributory negligence is not *the* proximate, but is more properly referred to as *a* proximate cause, because it co-operates with another proximate cause, to wit, the negligence of the defendant. But here the instruction as a whole is not even technically wrong, much less misleading.   This instruction, in the part quoted and also in its first part makes plain that the injuries referred to must have been caused by the negligence of the defendant.   It is not capable of a construction meaning that contributory negligence of plaintiff must be the only cause of the injuries in order to bar his recovery.

[7]    Another instruction attacked by the appellant reads in part as follows: "I instruct you that the requirement of . . . the Motor Vehicle Act, 'that all times during half an hour after sunset to half an hour before sunrise every automobile while on the public highways shall carry at the front at least two lighted lamps,' and if you find from the evidence that the said Kleiber truck operated . . . at the time of the accident to the plaintiff herein was being so operated one-half hour after sunset, etc. . . . " Appellant claims that the language used by the court in the foregoing quoted portion gave the jury to understand that the law required such headlights during the period of one-half hour commencing at sunset instead of during the period commencing at the expiration of one-half hour after sunset. The criticism is hypercritical and without merit.

Appellant complains of the court's refusal to give requested instructions XVII and XX, but it has suggested no reason why this refusal constituted error and we can see no error in the ruling. The other instructions requested and refused were properly refused, either because they constituted a repetition of instructions given at the request of the appellant or because they were based upon the theory that plaintiff in any event was guilty of contributory negligence in putting himself in a place of danger either without looking for or without seeing the approaching danger. We have treated this point above.

For the foregoing reasons it is ordered that the judgment appealed from be and the same is hereby affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 16, 1927.