[S. F. No. 11524. In Bank—June 17, 1927.]

M. MARINI, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

[1] NEGLIGENCE—PERSONAL INJURIES—COLLISION BETWEEN AUTOMOBILE AND TRAIN — CONTRIBUTORY NEGLIGENCE. — In an action for damages for personal injuries sustained in a collision between an automobile and an electric train at the crossing of streets in a city, where it appeared that for many years the railroad company had maintained at the crossing a signal tower, gates, and signal bells, but on the particular occasion of the accident the tower man was telephoning and forgot to lower the gates and sound the bells upon approach of the train, and it was further shown that for nine or ten years past plaintiff had driven over this crossing many times daily and had learned to depend upon the signals and gates, and the uncontradicted testimony of plaintiff was that as he approached the crossing at the time of the accident he stopped to shift into intermediate gear and was proceeding cautiously over the tracks when the accident occurred, it was error to grant a motion for a nonsuit as the question of whether or not the care actually exercised by plaintiff was due

---

1. Conduct of flagman or absence from his post as affecting liability for injury at railroad crossing, note, 41 L. R. A. (N. S.) 355. Misleading act of railroad company as excusing failure to stop and look at crossing, note, 41 A. L. R. 415. See, also, 22 R. C. L. 1010.

and sufficient was for the determination by the jury to whom the case should have been submitted with the proper instructions.

(1) 4 C. J., p. 902, n. 12; 33 Cyc., p. 1116, n. 90.

APPEAL from a judgment of the Superior Court of the County of Alameda. E. C. Robinson, Judge. Reversed.

The facts are stated in the opinion of the court.

J. E. Hood and H. S. Craig for Appellant.

Ford, Johnson & Bourquin for Respondents.

PRESTON, J.—This is an appeal by plaintiff below from a judgment of nonsuit in an action for damages for personal injuries sustained by him as the result of a collision between his automobile and a Southern Pacific electric train at the Fruitvale Avenue crossing near East 14th Street in Oakland, Alameda County, California.

It appears that for many years the railroad company had maintained at the crossing a signal tower, gates, and signal bells, but on the particular occasion of this accident the tower man was telephoning and forgot to lower the gates and sound the bells upon approach of the train. His negligence is admitted. It further appears that for nine or ten years past appellant had driven over this crossing many times daily and had learned to depend upon the signals and gates. The railroad right of way was seventy feet in width and the territory level. The accident occurred on a dry, clear day. Appellant contends that his view of the approaching train was obstructed by something, although he does not know what it was. Before crossing the tracks he stopped the automobile to shift into intermediate gear and states that he did not proceed until he had both looked and listened for danger. The fact that he drove a closed car may have had something to do with the situation. There were various trees, buildings, fences, pillars, and other objects in the vicinity, but according to the testimony of several witnesses for respondent, they were in such a position that they could not have interfered with appellant's view of the tracks.

Upon the ground of plaintiff's contributory negligence, at the conclusion of his evidentiary showing, motion by defendant for nonsuit was granted and judgment duly entered. Hence the sole question to be considered on this appeal is whether or not plaintiff was guilty of contributory negligence as a matter of law.

The first case coming under the rule governing guarded crossings is *Koch* v. *Southern Cal. Ry. Co.*, 148 Cal. 677 [113 Am. St. Rep. 332, 7 Ann. Cas. 795, 4 L. R. A. (N. S.) 521, 84 Pac. 176]. There verdict for defendant was upheld because it was shown that plaintiff failed to exercise any care whatsoever for his safety but relied wholly upon the invitation of the open gates in crossing the track. The court said: "The case thus presented is not one as to the degree or amount of care which should be exercised by one about to cross a railroad under the invitation to proceed given by the open gates, but whether under such circumstances a man may fail or decline to exercise any care whatsoever, treating the open gates as a positive assurance of safety. Of course, in any case such as this, where it is shown that a plaintiff has exercised some care, the question whether or not the care actually exercised was due and sufficient will always be a matter for determination by the jury. But where, as here, the unconflicting evidence shows that he exercised no care whatsoever, it becomes a question of law to say whether or not such a plaintiff's case shall be submitted to the jury. . . . Nor is it the law that when a railroad company adopts safety gates or any other appliance for the protection of the public the public is thereby absolved from all duty of taking care of itself. A person is still required to exercise due and ordinary care, and while the *quantum* of care which will be reasonable may be less where the gates are provided and are relied upon by the traveler, still the gates themselvs are not an assurance and a warranty such as to justify a traveler in going blindly ahead in total disregard of all ordinary precautions, as did the plaintiff in this instance. . . . "

[1] In the instant case the fact that appellant did not drive blindly and heedlessly into danger, without any care whatsoever for his safety, is made plain by his uncontradicted testimony that he stopped to shift into intermediate gear and was proceeding cautiously over the tracks when the

accident occurred. In such case, as above stated, the question of whether or not the care actually exercised was due and sufficient will always be a matter for determination by the jury.

In the case of *Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, 240 [116 Pac. 513], the court said: ''Whether or not a plaintiff has been guilty of contributory negligence is similar to the question of whether or not the evidence in a criminal case is sufficient to sustain a verdict of guilty. It is usually a question of fact. It is a question of law only when the evidence is of such a character that it will support no other legitimate inference than that in the one case the plaintiff was guilty of contributory negligence, in the other case that there was not sufficient evidence to sustain the verdict. But even in such cases, while the question is said, and properly said, to be one of law, it is never a question of pure law. The real decision of the question by the court is a decision of fact. When the evidence is such that the court is impelled to say that it is not in conflict on the facts, and that from those facts reasonable men can draw but one inference, and that an inference pointing unerringly to the negligence of the plaintiff contributing to his own injury, then, and only then, does the law step in and forbid plaintiff a recovery. . . .

'' 'It is only where no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury.' (*Johnson* v. *Southern Pacific R. R. Co.*, 154 Cal. 285 [97 Pac. 520]; *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268 [72 Pac. 1006]; *Herbert* v. *Southern Pacific Co.*, 121 Cal. 227 [53 Pac. 651].)''

The case of *Gregg* v. *Western Pacific R. R. Co.*, 193 Cal. 212 [223 Pac. 553], falls within the rule controlling guarded crossings and is squarely in point. It reviews at length the authorities governing us in our decision of the case at bar and distinguishes *Koch* v. *Southern Pac. Co., supra; Jones* v. *Southern Pac. Co.*, 34 Cal. App. 629 [168 Pac. 586], relied upon by respondents here, and *Wyseur* v. *Davis*, 58

Cal. App. 598 [209 Pac. 213]. There the judgment and order of nonsuit were reversed, and, among other things, the court said:

" 'Every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence adduced must be considered as facts proved in favor of the plaintiff. Where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. If contradictory evidence has been given it must be discarded. (*Estate of Arnold*, 147 Cal. 583 [82 Pac. 253].) ' . . .

"It is true, as has often been stated, that a railroad crossing is itself a place of danger and is an effectual warning of danger which must always be heeded and the exercise of ordinary care in traveling over such place is not excused by the negligent omission of the railroad company itself to exercise reasonable care. But it is also true that a railway company will not be permitted to encourage the public to relax its vigil as to the dangers that lurk in railroad crossings by assurances that the danger has been removed or minimized by the adoption of safety devices and measures and at the same time hold a person to the same *quantum* of care as if no such safety measures had been provided. . . .

" 'It has often been said by this court that it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a general rule, it is a question of fact for the jury, an inference to be deduced from the circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury.' (*Hoff* v. *Los Angeles Pacific Co.* [158 Cal. 596, 112 Pac. 53], *supra*, quoting from *Seller* v. *Market St. Ry. Co.*, 139 Cal. 268 [72 Pac. 1006].)' "

This case, we believe, should have been submitted to the jury under appropriate instructions by the court, and judgment and order of nonsuit are therefore reversed.

Curtis, J., Shenk, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.