[Civ. No. 4681. Second Appellate District, Division Two.—December 8, 1927.]

JOHN OHLSON, Respondent, v. R. F. CALLENDER, Appellant.

Jennings & Belcher for Appellant.

A. C. Verge, O. V. Willson and J. B. Joujon-Roche for Respondent.

PEAIRS, J., *pro tem.*—This is an appeal on the part of the defendant from a judgment rendered by the court sitting without a jury, under a complaint concerning an accident which occurred on the ninth day of July, 1920, at or about 9 o'clock A. M. on Eleventh Street at the easterly side of Los Angeles Street, where the plaintiff was struck by the defendant while the plaintiff was crossing Eleventh Street from south to north, in line with the general direction north and south of the easterly sidewalk of Los Angeles Street. The evidence shows that plaintiff had looked in both directions before starting across Eleventh Street and that at that time plaintiff saw no automobile approaching nor in the intersection, and plaintiff states that when near the center of Eleventh Street, where there is a manhole, he was struck by the defendant's automobile, but says that he did not see the automobile approaching nor did he even remember just when or where it hit him except that he had a dim recollection of being placed in an automobile and taken, as he afterward learned, to the Emergency Hospital. The defendant also states that he did not see the plaintiff until just before he struck him

and that he was so close to the plaintiff at that time that he could not see plaintiff's feet.

That the plaintiff was badly injured there was no dispute and that there was negligence on the part of the defendant seems to be conceded by counsel, leaving, therefore, the one main issue of contributory negligence.

The appellant argues the question of contributory negligence as a matter of law—saying that as the plaintiff did not observe the approach of defendant's automobile in broad daylight when the view was unobstructed, that fact was in itself evidence of contributory negligence—and the same argument goes to the question of error on the part of the court in denying defendant's motion for a nonsuit on the ground of contributory negligence, and of error in failing to find on the issue of contributory negligence. The argument concerning contributory negligence of course must take into consideration the surrounding circumstances and the situation generally. Four other parties who testified in this case saw the accident and the testimony of each of these witnesses was that the defendant was driving approximately at the rate of thirty miles per hour or more, and approaching on Eleventh Street from the west, and that at the time the plaintiff started to cross Eleventh Street on the east side of Los Angeles Street, the defendant was some distance to the west of Los Angeles Street, driving at about ten feet from the southerly curb of Eleventh Street, directly across Los Angeles Street; that he did not noticeably slacken his speed until just at the time he struck the plaintiff, at which time he, according to the skid marks of his car, applied his brakes and his car skidded a little to the north, struck the plaintiff and carried him on the bumper of the car for a distance measured at fifty-eight feet and some inches. The manhole, according to the testimony, was in the middle of Eleventh Street and about on a line with the sidewalk if extended across Eleventh Street, north and south. One of these witnesses stood at the southeast corner in front of an oil service station and observed the defendant from the time he was at least ten feet west of Los Angeles Street. Two of the other witnesses were crossing Los Angeles Street to the east side, south of Eleventh Street, and testified that they observed the automobile, their attention being called to it because of

defendant's great speed. Another witness was approaching Los Angeles Street from the east on Eleventh Street near the center of the street on a motorcycle. It appears that just before the plaintiff was struck he was looking to the east and that at that time the defendant was looking down or back into his car.

While the plaintiff and defendant are each required to exercise due care in crossing the street at an intersection, it was nevertheless the court's duty to pass upon the question of negligence and contributory negligence, in view of all the testimony.

In regard to error on the part of the court alleged as having occurred by reason of its denial of defendant's motion for a nonsuit, if there is sufficient undisputed evidence to warrant its denial of the motion such action would not be error.

Concerning the contention that the court erred in failing to find on the issue of contributory negligence, it will be noted in the findings of fact by the court, that it found the allegations contained in paragraphs two and three of the complaint were true, and in paragraph three of the complaint it says: "That said plaintiff was proceeding, at said time and place, with due care and caution, and that when the plaintiff was about midway of the distance across said East Eleventh street the said defendant at said time and place, carelessly, recklessly and negligently, and at a high and excessive rate of speed, drove and operated and propelled a certain automobile, to-wit, a Buick touring car, so as to cause the same to strike and collide with the plaintiff with great force and violence."

The entire argument of appellant set forth in his brief revolves around the point that if other observers could see defendant's car, the respondent should also have seen it. In order that we may more clearly discuss this question, we will include, from time to time, quotations from the testimony. The evidence would indicate that, when the respondent looked to the west just as he stepped from the curb on to Eleventh Street, about four seconds before he was struck, the appellant's car was about 200 feet at least west of respondent on Eleventh Street and was being driven at a speed of from thirty to thirty-five miles or more per hour, or at least ten or twelve times as fast as respond-

ent was walking. At that time appellant was, to quote his own words, ''Just a reasonable distance away from cars parked on Eleventh street west of Los Angeles street. My car was not at any time out as far as the manhole or in the center of the street.'' Witness Aselin says: ''There were no cars on Los Angeles street which were traveling at that time. I do not recall any cars parked on Eleventh street—there was one or two I believe over by the laundry if I recall right.'' Taking these two portions of evidence together, it would seem quite possible that respondent, when on the curb or on the south edge of Eleventh Street, could not see appellant's car because of the cars on Eleventh Street mentioned by appellant. Drawing a line from respondent's position to a point 200 feet west, six or eight feet out from the south curb of Eleventh Street, it would probably pass through the position of the cars parked on Eleventh Street, and from the testimony of Crawford, appellant's car was crossing Main Street, about 375 feet west of respondent, at that time. The fact that Crawford could see the appellant's car, being farther south and west of the respondent, would indicate that the cars parked on Eleventh Street were near the southwest corner of Los Angeles and Eleventh Streets. Witness Aselin did not see appellant's car until near the fire-plug on the southwest corner of the intersection, at which time respondent was going across Eleventh Street, which indicates that Aselin did not see the car until it came out from behind the cars parked on Eleventh Street. It must be taken into consideration that the burden was with the appellant as to contributory negligence and if these parked cars did not interfere with the view of respondent, the appellant, defendant below, should have proven it by showing size, height, and position relatively. Aselin testifies that at that time the appellant's car was going around thirty miles per hour. He also testifies that the skid marks made after the brakes were set on appellant's car were over fifty-eight feet long, indicating even greater speed than thirty miles per hour, especially when it is remembered that the body of respondent was being dragged in front under the bumper. Witness Bodey, who was looking directly west and nearer to the respondent than appellant was, did not see the car until it was coming into Los Angeles Street. Crawford,

who saw appellant's car when it was passing out of Main Street nearly 400 feet away did not see the motorcycle coming from the east not 100 feet away from him. Crawford estimated the speed of the appellant's car at from thirty to thirty-five miles per hour, and on redirect examination, when asked what had called his attention to the car, replied: "On account of the terrific speed." The witness Denu used the term "excessive speed" and stated that he first saw the car within ten feet of the fire-plug. Both Crawford and Denu were experienced drivers, as was also Aselin. These three men were, in fact, all professional drivers. The fact that none of the witnesses, except Crawford, saw appellant's car until it was in the vicinity of the fire-plug at the southwest corner of the intersection does not discredit their testimony, and up to that time it should not discredit the testimony of the respondent.

In approximately one second after that time respondent was hit and rendered unconscious.

It is not the intention of this court to discuss the facts of this case further than to show that the parked cars, the excessive speed of appellant's car, the severe injury to the respondent, and his lapses of memory caused thereby, as evidenced by the testimony, and other facts therein, all go to show that this was a case for determination of the facts as to contributory negligence rather than for any determination of contributory negligence as a matter of law.

We would call attention to those decisions in steam and electric railroad cases, which refer to looking and failing to see, for there is a distinction between such cases and cases like the one at issue—it is held that the tracks themselves in those cases are notice of danger.

The respondent was crossing the street at a point and in a manner approved by the law and, as found by the court, with due care and caution when he was struck by the car driven by the appellant at a high and excessive rate of speed.

There is no question left except the one as to whether the respondent is to be found guilty of contributory negligence under the law, for the reason that after so terrible an injury he testifies that he looked in all directions and did not at the time of the trial recollect having seen the auto-

mobile of the appellant approaching. It is to be observed that in addition to the evidence of the respondent there was the testimony of other witnesses and other evidence which tended to show that the respondent may not have seen the car at all, and in this connection we refer to the matter of *Estate of Arnold*, 147 Cal. 783 [82 Pac. 253], a portion of which reads as follows: "Every favorable inference fairly deducible and every favorable presumption fairly arising from the evidence adduced must be considered as facts proved in favor of the plaintiff. Where evidence is fairly susceptible of two constructions, or if one of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. If contradictory evidence has been given it must be discarded."

"A failure to hear or see the car is not, *per se*, proof of negligence in all cases. Whether such exercise of the faculties as, under all the circumstances of the case, was reasonable, would have averted the injury is a question of fact." (*Hamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 781–789 [89 Pac. 1111].)

"Unless the court having the duty of trying the case has violated its discretion, this court will not interfere if any of the evidence, upon a reasonable view thereof, supports the findings and judgment." (*Davis* v. *Breuner Co.*, 167 Cal. 685 [140 Pac. 586].)

"There is no positive duty to stop, look and listen when a pedestrian is about to cross a city street . . . ( . . . *Blackwell* v. *Renwick*, 21 Cal. App. 131 [131 Pac. 94]; . . . *Clark* v. *Bennett*, 123 Cal. 275 [55 Pac. 908].) Compare, also, *Scott* v. *San Bernardino Valley Traction Co.*, 152 Cal. 604, 610 [93 Pac. 677]. The question of negligence, under the usual rule of ordinary care that devolves upon foot-travelers, must be examined in the light of all the attendant circumstances, . . . " (*Mann* v. *Scott*, 180 Cal. 554 [182 Pac. 282].)

"The plaintiff was crossing Hill Street from east to west on the north side of Sixth Street. When she had reached a point on the north-bound tracks on Hill Street she was struck by defendant's automobile, which was going north on Hill Street. The court found that the plaintiff exercised ordinary and proper care for her own safety, and that the negligent acts of the defendant were the direct and

proximate cause of the accident. These findings are supported by plaintiff's testimony that, when near the curb on the east side of Hill Street, she looked up and down the street and saw no vehicles whatever coming; that she looked ahead at the street-car coming to a stop on the tracks on the west side of Hill Street, 'except I looked both ways as I stepped from the curb and there were no vehicles whatever within my sight.' '' (*Fisk* v. *Poplin*, 46 Cal. App. 588 [189 Pac. 723].)

''At any rate, the trial court so concluded, and we are unable to say from the state of this record that its judgment in so doing constituted such a breach of discretion as would compel a reversal of this case. The rule has been laid down, both in the supreme court and in this court that the ruling of a trial court as to whether a given state of facts presented before it does or does not amount to negligence as a matter of law will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion.'' (*Spring* v. *Tawa*, 49 Cal. App. 100 [192 Pac. 1057].)

''The law imposes upon a trial judge the duty to make findings upon all material issues as to which evidence has been introduced. On the other hand, it is well settled that where the evidence heard does not support the plea of contributory negligence, a finding upon the issue is not necessary to be made.'' (*Arnaz* v. *Forbes*, 51 Cal. App. 666 [197 Pac. 364].)

''The question of whether or not the pedestrian is negligent in crossing a street is one which, in the absence of express statutes regulating his conduct, must ordinarily be left to the jury, for the conduct of an ordinarily prudent person under such circumstances must be largely determined by the condition of the traffic at the particular time and place in question.'' (*Burgesser* v. *Bullocks*, 190 Cal. 677 [214 Pac. 651].)

''The case is closely allied in facts to that of *Haines* v. *Fewkes*, 190 Cal. 477 [213 Pac. 490], the only difference being that in that case the pedestrian had crossed the street-car tracks and had taken a position which she assumed to be a place of safety to await the passage of an automobile approaching from the south, when she was suddenly struck by another automobile coming from the same direction; while in this case the respondent carefully looked

in the direction of approaching traffic before she left her place of safety on the curb and took a position which she assumed to be a place of safety for the purpose of boarding the street-car, when she was struck by an automobile which had swerved in front of the street-car and approached her unawares. In the Haines case the supreme court held that it was not contributory negligence as a matter of law. . . . In support of the appeal the appellant insists that 'the conclusion is irresistible that respondent, had she looked, could have seen and avoided the danger, and it is the sole purpose of this brief to show that it was her duty as a matter of law to look." More than this is necessary to support a plea of contributory negligence. Mr. Justice Myers, in *Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621 [221 Pac. 376, 380], in discussing the plea of contributory negligence, said: 'In this defense the burden is upon the defendant to prove two things: (1) that the plaintiff was negligent; (2) that such negligence was a proximate cause of the injuries complained of. If he fails to prove either of these things this entire defense falls.' " (*Bolles* v. *Boone*, 66 Cal. App. 240 [225 Pac. 775].)

"All of the authorities agree on two principles: First, the pedestrian and the driver of a vehicle have equal and reciprocal rights in the use of the highway; and this rule goes so far as to hold that in the absence of statutory or local regulation this right extends to all sections of the highway, whether at established places of crossing or elsewhere thereon. (2) When we speak of a person having a right we must necessarily refer to a civil right as distinguished from the elemental idea of rights absolute. We must have in mind a right given and protected by law, and a person's enjoyment thereof is regulated entirely by the law which creates it. If we were to consider these rights as absolute nothing but chaos could result, and instead of each enjoying the right both would be deprived of its enjoyment. Therefore, the rights of pedestrian and auto driver are conceded to be relative to the extent that each must so restrict and use his right as to permit the other the full benefit of what is his. (3) The second principle upon which all agree is that the facts and circumstances of each case control the amount of care required on the part of both pedestrians and drivers of vehicles. Nothing ap-

proaching a rule can be formulated other than the basic principle of ordinary care under the circumstances." (*Nickell* v. *Rosenfield*, 82 Cal. App. 369 [255 Pac. 760].)

"Ordinary care is all that is required of a pedestrian in crossing the street. The question of the exercise of ordinary care is largely a question of fact to be determined by the jury from all the circumstances surrounding the particular case under consideration. (4) In determining whether a pedestrian used such due care as is commensurate with apparent present dangers the jury should consider the location involved, the existing state of the traffic, the opportunity for obtaining a clear view of the street from every direction whence approaching vehicles might endanger an attempt to cross the street; the presence of obstructions to the view such as buildings, passing cars, driving storms, clouds of dust or darkness, and from these and all other facts and circumstances present, determine whether the particular pedestrian used that degree of care which would be required of an ordinarily prudent person under like circumstances." (*Kinnear* v. *Martinelli*, 84 Cal. App. 721 [258 Pac. 686].)

In the case of *Katz* v. *T. I. Butler Co.*, 81 Cal. App. 747, 749 [154 Pac. 679], it is said: "The test is not whether the plaintiff did all that was possible for him to do, such as seeing everything that was possible to see that could be a source of danger to him, but whether he acted with ordinary care and prudence under all the facts and circumstances." In the case of *Marini* v. *Southern Pacific Co. et al.*, 201 Cal. 392 [257 Pac. 74], it is also said: " 'It has often been said by this court that it is very rare that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. As a general rule, it is a question of fact for the jury, an inference to be deduced from the circumstances of each particular case, and it is only where the deduction to be drawn is inevitably that of negligence that the court is authorized to withdraw the question from the jury' (*Hoff* v. *Los Angeles Pacific Co., supra,* quoting from *Sellers* v. *Market St. Ry. Co.*, 139 Cal. 268 [72 Pac. 106] )."

The foregoing cases discuss very completely the duty of the pedestrian and set out definitely that the facts are for the jury or for the court, sitting without a jury, and further

emphasize the duty of the trial judge, and the rule that unless the court trying the case has violated its discretion, this court will not interfere, if any of the evidence upon a reasonable view thereof, supports the findings and judgment.

Summarizing the conduct of respondent, we find that he looked in both directions before stepping into Eleventh Street; that he continued straight across the street until the time of the accident; that the intersection was clear when he started; that he was near the center of the street when hit; that he was then looking east; that he had no reasonable expectation that anyone would so violate the speed regulations as to reach him from the west while he was crossing; that he apparently conducted himself as a reasonably prudent person would under like circumstances and surroundings. The words of the witness Aselin when he said: "I would not have hollered at him if I hadn't noticed that the man that was driving the automobile had his head turned," are significant as indicating that Aselin did not believe the respondent in danger until that time, and then only because of the inattention and speed of appellant.

After a careful consideration of the law of this state as cited, and of the testimony as given in the transcript, we do not find any abuse of discretion, nor prejudicial error on the part of the trial court.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.