[Civ. No. 5541. Second Appellate District, Division One.—December 5, 1928.]

LAWRENCE T. PLATT, Respondent, v. C. OKAMOTO, Appellant.

Randall & Bartlett and A. P. G. Steffes for Appellant.

Voltaire Perkins for Respondent.

YORK, J.—The appellant asked for a reversal of a judgment rendered for damages to the automobile of plaintiff, caused by a collision with the rear end of the truck of the appellant, on three grounds:

First. That the evidence was insufficient to show that any negligence on the part of the defendant was the proximate cause of the accident in question, but that, on the contrary, the testimony of plaintiff, by which he is bound, conclusively proved that there was no causal relation between the negligence of defendant and the collision.

Second. That the testimony of plaintiff and his own witness conclusively showed that the former was guilty of contributory negligence, which was the proximate cause of the accident in question.

Third. That the court erred in omitting to make a finding of fact upon the question of contributory negligence.

As to the first proposition, there was sufficient evidence in the record to justify the judgment of the trial court.

As to the second, we cannot find wherein the testimony of the plaintiff and his own witness conclusively showed the plaintiff was guilty of contributory negligence. That was a question for the trial court to determine from all of the evidence in the case before it.

As to the third proposition, there was not sufficient evidence in the record for the court to make a finding that the plaintiff was guilty of contributory negligence which proximately contributed to the injury. No evidence was introduced by the appellant to show such contributory negligence, and there is not sufficient evidence in the record before this court to show such contributory negligence and, therefore, the appellant cannot be heard here to complain that the trial court failed to render a finding against him upon such issue, when it is apparent that such finding, if made, would have been against the appellant. (*Spinks* v. *Clark*, 147 Cal. 439 [82 Pac. 45]; *Arnez* v. *Forbes*, 51 Cal. App. 665, at 666 [197 Pac. 364]; *Winslow* v. *Gohransen*, 88 Cal. 450, at 451 [26 Pac. 504].)

Upon examination of the entire record we cannot say that the failure to find upon such an issue has resulted in any miscarriage of justice. The judgment is therefore affirmed.

Houser, Acting P. J., and Crail, J., *pro tem.*, concurred.