[Civ. No. 8281. First Appellate District, Division One.—June 22, 1932.]

D. W. STRANGE, Appellant, v. LOS ANGELES EXAMINER (a Corporation) et al., Respondents.

Bertrand J. Wellman for Appellant.

Joe Crider, Jr., Clarence B. Runkle and Elber H. Tilson for Respondents.

GRAY, J., *pro tem.*—Appellant, while walking from the southeast to the northeast corner of Sixth Street and Towne Avenue, in the city of Los Angeles, was struck by an auto-truck owned by the corporate respondent, and operated by the other respondents as its employees. For the resultant injuries, due to respondents' alleged negligence, he seeks in this action to recover damages. The court, at the close of appellant's case, sustained respondents' motion for a non-suit and appellant appeals from the judgment thereafter entered. ·  In their briefs both parties agree that the judgment can be sustained only if appellant's own testimony establishes, as a matter of law, his contributory negligence in failing to use ordinary care for his own protection and safety. As aptly suggested by respondents, appellant's own testimony contains the sole description of his acts and conduct immediately before and at the time of the accident. But such acts and conduct must be measured in the light of the attendant circumstances described in the other testimony.

Appellant testified that he was on his way to church when struck; that the accident happened on March 6th at 7:15 in the evening; that his eyesight was good; that he knew that the intersection was a dangerous crossing; that, when a few steps from the curb, he looked to the east, to the west and in front, but did not see any approaching automobile and so proceeded to cross; that as he reached the middle of the street he was struck by something he never saw and became unconscious for forty-six hours; that he never heard any warning; that immediately before he was struck he was thinking of the church meeting he was about to attend and he crossed his arms over his breast and gave utterance to some religious sentiment. He also testified both that when in the middle of the street he looked to the west, and that he did not remember so doing. A friend testified that appellant's hearing was bad. An eye-witness of the accident testified the lights on the truck were dim; that the truck was traveling at a rate of speed between thirty and thirty-five miles per hour when appellant was hit; that appellant came in contact with the left front fender; that his body was carried on the truck for a distance of between thirty and thirty-five feet and then dropped off, and that the truck continued about ten to twelve feet farther.

Conceding that the distance which this last witness observed the truck travel limited his ability to estimate its speed, yet the trial court could not ignore his estimate, because such limited ability raised merely a question of his credibility, and left for the trier of fact the question as to the weight to be given such estimate. Furthermore the distance traveled by the truck after the impact might be considered as corroborative of such estimate.

Respondents argue that appellant's testimony conclusively proves his negligence because, if he did look to his left when in the middle of the street, he must have seen the truck in time to have avoided the collision; or, if he did not so look, he failed to perform his absolute legal duty to do so. Evidence of the truck's speed, traveling between approximately forty to fifty feet per second; and of its visibility, confined solely to dim lights, inferences to be drawn from the time of the accident, and its observation, for a short distance before the impact, by the eye-witness at an unfixed distance from its path, paint too incomplete a picture of the situation to force the single conclusion that appellant must have seen the truck, if he looked as he testified. The legal premise, upon which this argument is based, is the erroneous assumption that the law placed upon appellant when in the middle of the street the absolute duty of looking to the west (that is, to his left), from which direction he should have reasonably anticipated an automobile might come. In support of this legal principle, respondents cite certain cases which are based upon *Niosi* v. *Empire Steam Laundry,* 117 Cal. 257 [49 Pac. 185]. As this court recently pointed out in *Long* v. *Barbieri,* 120 Cal. App. 207 [7 Pac. (2d) 1082], the doctrine of that case was explained and limited in *Burgesser* v. *Bullock's,* 190 Cal. 673, 677 [214 Pac. 649, 651], where the true rule was enunciated as follows: ''The question of whether or not the pedestrian is negligent in crossing a street is one which, in absence of express statutes regulating his conduct, must ordinarily be left to the jury, for the conduct of an ordinarily prudent person under such circumstances must be largely determined by the condition of the traffic at the particular time and place in question.'' (See, also, *Filson* v. *Balkins,* 206 Cal. 209 [273 Pac. 578] ; *Gilmore* v. *Los Angeles Ry. Corp.,* 211 Cal. 192 [295 Pac. 41].) As showing that there could be a difference of opinion

as to whether appellant was negligent, it is interesting to note that a finding that a pedestrian was not negligent was held, in *Ohlson* v. *Callender*, 87 Cal. App. 382 [262 Pac. 357], to be sustained by evidence similar in all essential details to that in the instant case. An instruction, stating the law to be as respondents contend, was held erroneous in *Nickell* v. *Rosenfield*, 82 Cal. App. 369 [255 Pac. 760]. Whether appellant was negligent is to be determined from all the facts and circumstances in evidence, and whether or not it was his duty to have looked to his left when in the middle of the street was a question of fact which the court was not authorized to decide as a matter of law. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].)

The judgment is reversed.

Knight, Acting P. J., and Cashin, J., concurred.